## RAY *v.* THE STATE.

Upon the trial of one charged with the offense of using profane language, without provocation, in the presence of a female, the accused may defend by showing that he was provoked to use the language by one other than such female, the sufficiency of the provocation being a question for the jury, under all the circumstances of the case.

Submitted July 15, — Decided July 23, 1901.

Indictment for misdemeanor. Before Judge Parker. City court of Baxley. May 23, 1901.

*E. P. Padgett & Son*, for plaintiff in error.
*J. H. Thomas*, solicitor, contra.

FISH, J. The only question made in this case is, whether one charged in an indictment with the offense of using, without provocation, profane language in the presence of a female, can, when the proof shows that he did use such language in her presence, defend himself against the charge by showing that he was, at the time and place in question, provoked by a third person to use the language. The indictment charged and the evidence for the State showed that the accused addressed certain profane language to W. C. Dykes, the prosecutor, in the presence of his wife. The court charged the

jury that "No provocation can be considered . . except such. provocation as was given by the female in whose presence the language was used." This charge was excepted to, and error is assigned thereon. This is the first time that this question has been before this court; and the only light that is thrown upon it is that which is derived from the wording of the statute itself, and the well-established rule that criminal statutes must be construed strictly, in favor of liberty. The statute under which the accused was tried and convicted reads as follows: "Any person who shall,. without provocation, use to, or of, another and in his presence, opprobrious words or abusive language, tending to cause a breach of the peace, or who shall, in like manner, use obscene and vulgar or profane language in the presence of a female, . . shall be guilty of a. misdemeanor." Penal Code, § 396. The words, "in like manner," as used in the statute, are equivalent to "without provocation," and were so construed by the trial judge and the counsel engaged in the case. But it was contended by counsel for the State that the only provocation for the use of the words, which could be set up as a defense, would be provocation given by the female in whose presence the words were used; while counsel for the accused contended that provocation given by a third party, at the time the language was used, might be sufficient to legally justify the accused in using profane language in the presence of a female. Of course,. the legal meaning of the words, "without provocation," is, without sufficient provocation; and the jury trying a case of this character are the judges of the sufficiency of the provocation. The particular offense with which the accused was charged is committed when. profane language is used in the presence of a female, without provocation; if the profane language is used in her presence, *with provocation*, no criminal offense is committed. This is all that the statute shows. It is evident that one may, with provocation, use profane words in the presence of a female who does nothing whatever to provoke the person using them; the provocation which causes the use of the words may be given by another person. Take the present case for instance, the agreed brief of evidence concludes. with the following statement: "The evidence of W. C. Dykes and his wife showed that the defendant used the language charged, without provocation from Mrs. W. C. Dykes, or from W. C. Dykes. Evidence of Dave Ray and Mollie, children of the defendant, makes,

a defense of provocation from W. C. Dykes." Granting that the accused used the profane language charged, in the presence of Mrs. Dykes, and, upon the subject of provocation, taking the evidence for the defendant and his statement to be true, it can not be said that the profane language was used in the presence of Mrs. Dykes without provocation; but it can be said that this language was used by the accused. in her presence without provocation on her part. To construe the statute to mean that the provocation for the use of the profane language must be by the female in whose presence such language is used would be to read into it something which is neither expressed, nor clearly indicated, by the words therein employed. This can not be done in construing a statute which defines a criminal offense. Where such a statute is of doubtful construction, that construction must be placed upon it which is most favorable to the accused. For these reasons, we are of opinion that the court erred in giving the instruction complained of.

Counsel for the defendant presented to the trial judge a written request to give the jury certain instructions on the subject of provocation, which the judge refused to give, and this refusal is alleged to have been erroneous. Under the views presented above, this request to charge contained a nearly accurate presentation of the law applicable to the facts, in the event the jury found that the accused was provoked by the prosecutor to use the profane language in question. But it was defective in not clearly showing that, in passing upon the sufficiency of the provocation as a defense, the jury should determine whether or not such provocation was sufficient to legally justify the use, in the presence of the female, of the language charged. The question was not whether the provocation given by the prosecutor was sufficient to justify the use of the language to him, or in his presence, but whether the provocation which he gave was sufficient to justify the accused in using the language in the presence of the prosecutor's wife. We think that counsel for the accused had this idea in mind when the request was prepared, but the latter portion of the same, to wit: "then it would be for you to say whether or not the provocation given by W. C. Dykes was sufficient to justify the use of the language; and if you find that the provocation given by W. C. Dykes was sufficient to authorize the use of the language, you would be authorized and it would be your duty to acquit the defendant," if

given, in hæc verba, might have misled the jury. We think that the expression, " sufficient to justify the use of the language," should have been qualified by the words, "in the presence of Mrs. Dykes," and the expression, " sufficient to authorize the use of the language," should have been followed by words of like import.

*Judgment reversed. All the Justices concurring.*